## Commonwealth *v.* Carter, Appellant.

402

Argued June 14, 1974. Before WATKINS, P. J., JA-COBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David B. Fitzgerald*, with him *Fitzgerald & Yatsko*, for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, with him *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:
This case is before us on appeal from the action of the court below dismissing Appellant's appeal from a summary conviction for disorderly conduct (a violation of 18 Pa. C.S. §5503). After a hearing *de novo*, the lower court stated on the record: ". . . this Court finds that the Appeal from Summary Conviction should be dismissed and therefore dismisses it." As we have held repeatedly, on an appeal from the judgment of a justice of the peace in summary conviction proceedings,

the judgment of the Court of Common Pleas should be either "guilty" or "not guilty"; a judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal, is not sufficient and will be reversed. *Commonwealth v. Alton,* 209 Pa. Superior Ct. 168, 224 A.2d 792 (1966); *Commonwealth v. Young,* 184 Pa. Superior Ct. 658, 135 A.2d 774 (1957); *Commonwealth v. Miller,* 173 Pa. Superior Ct. 168, 96 A.2d 153 (1953). Even though a finding of guilt is implicit in the lower court's opinion, nowhere in the record of the case before us do we discern a specific finding of "guilty" or "not guilty"; therefore, we reverse the order of the court below and remit the record with direction to hear the case and enter such judgment as the law and evidence require.

Order reversed with a procedendo.