344, 280 A.2d 625 (1971); *Commonwealth v. Payton,* 224 Pa. Superior Ct. 396, 307 A.2d 409 (1973).

## Commonwealth *v.* Smith, Appellant.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Allen H. Smith,* for appellant.

*Ronald L. Buckwalter,* First Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:
This· is an apeal from an Order of the Court of Common Pleas of Lancaster County, dismissing an appeal from a summary conviction because the appellant refused to appear.

The appellant, the wife of her attorney, was convicted of speeding under The Vehicle Code, was fined ten ($10.00) dollars and ordered to pay costs also in the amount of ten ($10.00) dollars. She appealed the case to the Court of Common Pleas of Lancaster County. She asked that the case be continued once which was granted, then she failed to appear at the date set for the postponed hearing. No further application for continuance was made. Her husband did appear, he informed the Court of the unavailability of the Defendant and he made a motion to dismiss the charge. The Court refused to entertain the motion for dismissal by the appellant, refused to hear the case in the absence of the appellant and dismissed the appeal at the cost of the appellant.

The appellant claims that under the Pennsylvania Rules of Criminal Procedure, Rule No. 64, the Judge should have required the Commonwealth to present its case notwithstanding the failure of the Defendant (appellant) to appear. Rule No. 64 provides in part:

"(1) Whenever a defendant fails to appear for trial in a summary case he shall be deemed to have consented to trial in his absence."

This Rule applies to the proceedings before an Issuing Authority and has no application to the hearing de novo when a summary case has been appealed to the Court of Common Pleas. The Pa. R. Crim. P. Rule applicable to trials in the Court of Common Pleas dealing with the matter of presence of Defendant during the trial is Rule 1117.

"RULE 1117. PRESENCE OF THE DEFENDANT.

(a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

(b)  A corporation may appear by its attorney for all purposes."

While this Rule does not preclude proceeding with trial in the Defendant's absence, it does not require it and when as in this case the Defendant absents herself without cause the Court in its discretion is warranted in dismissing the appeal.

The Defendant (appellant) claims that the Court erred in not entertaining her motion to dismiss the charge. Pa. R. Crim. P. 305 provides, in principal part, as follows.

"RULE  305.  TIME  FOR  APPLICATION  AND SERVICE.

Except as provided in these Rules, no pretrial application shall be considered if made less than ten days before trial unless opportunity therefor did not exist or the defendant or his attorney was not aware of the grounds for the application."

The Defendant's pretrial application (her motion to dismiss) was not made ten days or more before the trial. It was made on the day of trial. There was no showing that the appellant or her attorney had no opportunity to present this application earlier nor that they were not aware of the grounds for the application. The trial judge was warranted in refusing to consider what was labeled, "Motion to Dismiss".

The appellant further complains that there was no official record of the proceedings before the Court of Common Pleas. There is no evidence that the appellant requested that any record of the proceedings be made. Furthermore, the appellant by a letter from her attorney dated December 17, 1974 to the Assistant District Attorney of Lancaster County, has reconstructed the record sufficiently to enable the Appellate Court to fully consider appellant's claims.

Order affirmed.

HOFFMAN, J., concurs in the result.