Commonwealth *v.* Wadzinski, Appellant.

Submitted June 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James F. Geddes, Jr.*, for appellant.

*Joseph J. Van Jura*, Assistant District Attorney, and

*Patrick J. Toole, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

Appeal is taken to this Court from an Order of the Court of Common Pleas denying relief upon appellant's petition for certiorari to that court from a judgment of a Magistrate.[1] Following hearing the Magistrate found appellant guilty of a violation of the Act of June 3, 1937, P.L. 1333, Art. XVI, §1614, as amended (25 P.S. §3234), which provides in pertinent part as follows:

"(a)  No candidate for public office ... shall place any advertisement referring to an opposing candidate for the same office which is to be broadcast or published during the forty-eight hours immediately prior to an election or published in a weekly newspaper or periodical during the eight days immediately prior to an election, with a television or radio broadcasting station, newspaper or periodical, unless he has first given a copy of the material to appear or to be used in the advertisement to the opposing candidate and the County Board of Elections of the county where the advertisement is to be placed in sufficient time for a reply advertisement to be published or broadcast at the same approximate time or in the same issue of the publication or on the same radio or television broadcast as the original advertisement and prior to the election in question."

. . .

Complaint was brought before a Magistrate by one E. Edward Gorka, Mayor of Nanticoke, who was opposed in the 1973 election by appellant, the charge being a violation of this Act, viz: "that the defendant, Frank J. Wadzinski ..., on November 5, 1973, did unlawfully at 2:05 P.M. to 2:10 P.M. make a paid political broadcast 48

---

1. Pursuant to now-repealed Act of 1968, Dec. 2, P.L. 1137, No. 355, 42 P.S. §3001 *et seq.*, known as the Minor Judiciary Court Appeals Act.

hours prior to election day, November 6, 1973, from Radio Station WNAK 730 - Nanticoke, Pa., which referred to E. Edward Gorka, his opposing candidate for the office of Mayor ... -" without giving prior notice to his opposing candidate or to the Bureau of Elections. The Magistrate held a hearing on December 5, 1973. Witnesses were heard and a tape recording of the questioned radio broadcast was played and the tape introduced into evidence. The Magistrate took the case under advisement and by letter mailed on December 7, notified the defendant by certified mail that he was adjudged guilty and fined twenty-five ($25.00) dollars and ordered to pay the costs. On December 12th, appellant petitioned the Court of Common Pleas for certiorari which was allowed by the Court of Common Pleas of Luzerne County on the same day. The appellant raises three issues:

(1) That there were such irregularities in the proceedings before the Magistrate as to justify the setting aside of the conviction;

(2) That the Act under which the charge was brought is unconstitutional; and

(3) That the admission into evidence by the Magistrate of the tape recording was improper.

The extent of review by an Appellate Court upon a Writ of Certiorari is limited to determinations of whether or not

(a) The trial court had jurisdiction;

(b) The proceedings were irregular;

(c) The trial court exceeded its power and authority; and

(d) There was due process afforded the accused.

*Philadelphia v. Dortort*, 205 Pa. Superior Ct. 211, 208 A.2d 797 (1965); *Geary's Appeal*, 316 Pa. 342, 175 A. 544 (1934). Upon certiorari, the Appellate Court may not consider questions of fact, issues regarding the sufficiency or admissibility of evidence or the constitutionality of a statute or ordinance.

The irregularities of which the appellant complains are:

*First:* That the Magistrate violated Rule 63 (e) of the Pennsylvania Rules of Criminal Procedure by not announcing the verdict in open court immediately upon the conclusion of the trial.[2] Rule 63 (e) was not in effect at the time of the trial in the instant case, said Rule not having become effective until January 1, 1974. Its precursor, Pa.R.Crim.P. 142(3), effective May 1, 1970 provided as follows:

> "(3) The verdict and sentence, if any, shall be announced in open court."

The issue properly raised is whether or not the announcement of the verdict and sentence by certified mail two days after the hearing rather than in open court in the circumstances warrants reversing the verdict and sentence. There was no objection made by appellant or his counsel to the Magistrate's taking the case under advisement. Any conscientious fact-finder would want to review the tape which had been introduced into evidence. The object of the Rule of Criminal Procedure 142(3) was to insure prompt adjudication. The adjudication was promptly made. There was no showing of any prejudice to the appellant because of the method used by the Magistrate to announce the verdict and sentence. In these circumstances to hold that such an irregularity justified reversal of the conviction would be preposterous.

*Second:* The appellant complains that the Magistrate violated former Rule, Pa.R.Crim.P. 127, now 147.[3] The Magistrate filed part of his record on December 18, 1973;

---

2. Pa.R.Crim.P. 63 (e) provides as follows: "(e) the verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial."

3. Rule 147 provides in part: "After the transcript has been returned, amendments, additions or corrections can be made to the transcript only upon application filed and permission granted by the court,..."

following that on December 26, 1973, he filed what he labelled "Amendment to Transcript", which consisted of his summary of the testimony and evidence, without application or permission from the court. Rule 147 and its predecessor provides procedural guidance in court cases, not in summary cases in which the Magistrate adjudicates the case. The Magistrate is required by the Writ of Certiorari to return his entire record to the Court of Common Pleas and application to the court and granting of permission is not required for the filing of a supplemental transcript of the Magistrate's disposition of summary cases notwithstanding the fact that it is labelled "Amendment to Transcript".

*Third:* The appellant complains that in the letter announcing the Magistrate's decision the case was captioned "Case Docket No. 1619 - Violation of Election Code E. EDWARD GORKA V.S. (sic) FRANK J. WADZINSKI". The appellant asks us to hold that this caption indicates that the Magistrate regarded the case as a civil case instead of a criminal one and that the Magistrate applied the burden of proof of a preponderance of the evidence instead of beyond a reasonable doubt. The record refutes any such implication. In the first place the complaint signed by the complainant, E. Edward Gorka was conspicuously labelled "criminal complaint". The certification by the issuing authority (the Magistrate) was that "there was probable cause for the issuance of process." The transcript made up by the Magistrate was conspicuously labelled summary conviction. The finding of the Magistrate of a verdict of guilty indicates a clear understanding by the Magistrate that he was dealing with a criminal proceeding.

Appellant's complaint two is that the Act under which he was convicted is unconstitutional. The Writ of Certiorari does not bring into issue the constitutionality of a statute or an ordinance. This issue may be raised by

an appeal under the provisions of Section 3003 of the Minor Judiciary Court Appeals Act.[4]

The Writ of Certiorari does bring into issue the question of whether or not the proceedings afforded the defendant (appellant here) due process of law under the Fourteenth Amendment to the Constitution of the United States. It must appear from the record that the action was properly instituted by complaint and summons (or warrant), that the defendant was properly served, that the Magistrate had jurisdiction, that the defendant was given an opportunity to testify and that he had the right of appeal from any judgment entered against him. *Philadelphia v. Dortort*, 205 Pa. Superior Ct. 211, *supra*. All of these factors appear affirmatively in the record, hence defendant was afforded due process as is required by the Constitution.

Appellant's complaint "three" that the tape of the radio broadcast should not have been admitted into evidence is not cognizable by us on appeal for the reason that the sufficiency and competency of the evidence are not matters to be entertained upon the allowance of certiorari.

Order affirmed.

HOFFMAN, J., dissents.

DISSENTING OPINION BY JACOBS, J.:

I respectfully dissent.

The appellant challenged the Act of June 3, 1937, P.L. 1333, art. XVI, §1614(a), added December 28, 1972, P.L. 1658, No. 353, §1(a), 25 P.S. §3234(a) (Supp. 1975-76) as "*unconstitutional on its face* and in fact as it contravenes the First Amendment to the Constitution of the United States." Printed Record at 21a. (Emphasis added). In *Commonwealth v. Cook*, 226 Pa. Superior Ct. 273, 308 A.2d 151 (1973), we stated: "The latter device [certiorari], in reviewing the regularity of the record, *can*

---

4. Act of 1968, Dec. 2, P. L. 1137, No. 355, §3, effective January 1, 1969; 42 P.S. §3003.

*only properly entertain questions of law,* to the exclusion of issues related to the sufficiency, admissibility, competency or relevancy of evidence presented to the justice of the peace." *Id.* at 276, 308 A.2d at 153 (citations omitted) (emphasis added).

The majority has concluded that "[t]he Writ of Certiorari does not bring into issue the constitutionality of a statute or an ordinance." Opinion at 81. I believe that the constitutionality of a statute is a "question of law," *Commonwealth v. Cook,* supra, which is reviewable on certiorari, and that the constitutionality of the statute in issue should be considered by this Court on this appeal.

DISSENTING OPINION BY SPAETH, J.:

Review on certiorari is limited to the face of the record. Since the facial constitutionality of the statute would appear on the face of the record, it should be decided. (An "as applied" argument is not presented.) This issue will no longer arise since the section of the statute providing for certiorari from a magistrate's court has been suspended. Minor Judiciary Court Appeals Act, Act of Dec. 2, 1968, P.L. 1137, No. 355, §6, 42 Pa. C. S. §3006, suspended by 19 P.S. App. R. Crim. P. 159 as being inconsistent with Pa. R. Crim. P. 67. Now appeal is the only method of review.

The proper disposition here would be to remand to the lower court to make the initial determination of constitutionality.