445 A.2d 189

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Carl W. GAMARINO.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1981.
Filed April 30, 1982.

Stanley R. Geary, Pittsburgh, for appellant.
John R. Fernan, Ridgway, for appellee.

Before CERCONE, P. J., and McEWEN and HOFFMAN, JJ.

PER CURIAM:

The Commonwealth has appealed from an order of the Court of Common Pleas following a trial de novo of a summary offense. Because the order is improper, we cannot reach the merits of the Commonwealth's contentions. Accordingly, we must vacate the order and remand for proceedings consistent with this opinion.

The order appealed states, *inter alia*, that "the appeal on the merits is sustained, the charge is dismissed, and [appellee is] discharged." "As we have held repeatedly, on an appeal from the judgment . . . in summary conviction proceedings, the judgment of the Court of Common Pleas should be either 'guilty' or 'not guilty;' a judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal is not sufficient and will be reversed." *Commonwealth v. Carter*, 230 Pa.Superior Ct. 401, 402–403, 326 A.2d 530, 531 (1974). *Accord, Commonwealth v. Wenyon*, 230 Pa.Superior Ct. 342, 343, 326 A.2d 633, 634 (1974); *Commonwealth v. Alton*, 209 Pa.Superior Ct. 168, 169, 224 A.2d 792, 793 (1966); *Commonwealth v. Young*, 184 Pa.Superior Ct. 658, 659, 135 A.2d 774, 775 (1957); *Commonwealth v. Miller*, 173 Pa.Superior Ct. 168, 170, 96 A.2d 153, 154 (1953); *County of Allegheny v. Liss*, 60 Pa.Commonwealth Ct. 100, 102, 430 A.2d 1033, 1034 (1981). Although the lower court implicitly found the Commonwealth's case to be deficient in a material respect, "[n]either the order nor the complimenting opinion found [appellee] 'not guilty' of the alleged offense[ ]." *Id.*, 60 Pa.Cmwlth. at 101, 430 A.2d at 1034. *Cf. Commonwealth v. Wenyon, supra* (finding of guilt implicit); *Commonwealth v. Carter, supra* (same). "It is the duty of the court to try the case de novo, to hear the evidence and arguments of counsel, to find the facts and thereupon to enter such judgment as would be warranted under the law and evidence." *Commonwealth v. Miller, supra*, 73 Pa.Super.Ct. at 170, 96 A.2d at 154. Only after such a finding may the

parties properly exercise their post-trial and appellate rights. *See Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981) (holding Pa.R.Crim.P. 1123 applicable to trials of summary cases). Accordingly, we must vacate the order of the court below and remit the record for the entry of an appropriate verdict. If the verdict be not guilty, the court shall order appellee discharged. However, if the verdict be guilty, appellee shall be allowed to file post-trial motions in accordance with rule 1123 and *Commonwealth v. Koch, supra.* Either party aggrieved by the lower court's ultimate decision may appeal as allowed by law.*

Order vacated and case remanded for proceedings consistent with this opinion.

---

* Because of our disposition of this case, we do not express any view upon the propriety of the lower court's post-trial ruling upon appellee's pretrial motion challenging the underlying complaint and summons. We do note, however, that the lower court should *not* have reserved judgment upon the motion. *See* Pa.R.Crim.P. 310 ("Unless otherwise provided in these rules, all pretrial motions shall be determined before trial.").