446 A.2d 938

**COMMONWEALTH of Pennsylvania**

v.

**John GULA, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 1981.

Filed June 11, 1982.

Stephen P. Ellwood, Pottsville, for appellant.

Adam Bavolack, Assistant District Attorney, Pottsville, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

This matter is an appeal from the order of the Court of Common Pleas of Schuylkill County dismissing an appeal taken by appellant, John Gula, Jr., from a summary conviction for placing an official certificate of inspection on a vehicle which was allegedly not in compliance with the provisions of the Vehicle Code and the regulation of the Department of Transportation.[1] After a hearing *de novo*, the lower court entered this order:

> AND NOW, this 23rd day of June, 1980, following a hearing on the merits, it is ORDERED AND DECREED that the appeal of the defendant is dismissed.

This Court has held repeatedly that in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas court should be either "guilty" or "not guilty." As we wrote in *Commonwealth v. Carter*, 230 Pa. Superior Ct. 401, 403, 326 A.2d 530, 531 (1974):

> A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal, is not sufficient and will be reversed. *Commonwealth v. Alton*, 209 Pa.Super. 168, 224 A.2d 792 (1966); *Commonwealth v. Young*, 184 Pa.Super. 658, 135 A.2d 774 (1957); *Commonwealth v. Miller*, 173 Pa.Super. 168, 96 A.2d 153 (1953).

1. This act, if proved, is a violation of the Vehicle Code, 75 Pa.C.S. § 4727(b).

Furthermore, an order adjudicating guilt must be entered, even though it is implicit in the lower court's actions and opinion that the court considered the evidence supportive of a finding of guilt. *Commonwealth v. Carter, supra; Commonwealth v. Wenyon*, 230 Pa. Superior Ct. 342, 326 A.2d 633 (1974).*

Reversed and remanded with direction to the lower court to enter a finding of guilty or not guilty, and if guilty to impose sentence. This court does not retain jurisdiction.

* We additionally note that if appellant is ultimately found guilty, he is to be allowed to file post-trial motions in accordance with Pa.R. Crim.P. 1123 and *Commonwealth v. Koch*, 288 Pa. Superior Ct. 290, 293, 431 A.2d 1052, 1053 (1981). See also, *Commonwealth v. Gamarino*, 299 Pa. Superior Ct. 143, 445 A.2d 189 (1982).