453 A.2d 668

**COMMONWEALTH of Pennsylvania**

**v.**

**Alastair Boyd KYLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1982.

Filed Dec. 10, 1982.

Alastair B. Kyle, appellant, in pro. per.

Michael J. Kane, District Attorney, Doylestown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant, in this *pro se* appeal, asks us to reverse the order of the court below because he earns Six Hundred Fifty Dollars ($650) a week, and therefore requiring him to spend his valuable time in court violates his due process rights under the Fourteenth Amendment of the United States Constitution. That having been said, one would expect the next sentence to read: "[W]e find no merit in appellant's claim and therefore affirm the order of the lower court." Unfortunately, and somewhat sadly, we are compelled to reverse the lower court because of procedural irregularities upon which this court has spoken many, many times.

Appellant was found guilty by a District Justice for failing to stop at a stop sign.[1] He took an appeal *de novo* to Common Pleas Court. He arrived at court at 9:00 A.M., on October 3, 1980, the date of the hearing. After waiting for one and a half hours, he was informed by the assistant district attorney that his case would not commence until 1:30 P.M. He left the courtroom and subsequently that day filed a Motion to Dismiss or in the alternative for a Continuance. In his Motion to Dismiss, he argued that the charges should be dismissed because requiring him to wait in court at such a great personal expense effectively abridged various constitutional guarantees. The lower court judge sidestepped the issue and granted a Continuance until November 21, 1980. Appellant failed to appear at that hearing.

Appellant now repeats the argument in his Motion to Dismiss on appeal. However, we cannot reach the merits. The transcript of the November 21, 1980, proceedings reads as follows:

> MR. LACKS: The first matter we have is the Commonwealth v. Alastair Kyle, Miscellaneous 111 of 1980. The defendant failed to appear for the Summary Hearing. We would ask that the appeal be dismissed.
>
> THE COURT: Dismiss it.

■ The action of the lower court dismissing the appeal was improper. "This court has repeatedly held that in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas court should be either 'guilty' or 'not guilty.'" *Commonwealth v. Gula,* 300 Pa.Super. 445, 446 A.2d 938 (1982), citing *Commonwealth v. Carter,* 230 Pa.Super. 401, 326 A.2d 530 (1974); see also *Commonwealth v. Gamarino,* 299 Pa.Super. 144, 445 A.2d 189 (1982).

■ Normally, this defect alone would compel a remand for the entry of a proper verdict followed by appropriate post-trial motions in accordance with Pa.R.Crim.P. 1123. *Commonwealth v. Gula, supra; Commonwealth v. Koch,* 288

1. 75 Pa.C.S.A. § 3323.

Pa.Super. 290, 293, 431 A.2d 1052, 1053 (1981). However, in the present case there is an additional ERROR. The trial judge compounded the problem by "dismissing" the *de novo* appeal without taking any testimony concerning the facts of the case.

The pertinent section of Pa.R.Crim.P. 1117 reads as follows:

a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.* (Emphasis added).

In the instant case, not only was there an improper verdict, but there was no determination of the facts of the offense. The trial court, even if empowered to proceed without a defendant,[2] must *determine the facts* and *render a verdict.*[3] Since this was not done, we are constrained to remand for a new trial.

**2.** Because the trial court dismissed the case without receiving testimony supporting a verdict, the reasons for appellant's absence are irrelevant.

**3.** The dissent relies on the case of *Commonwealth v. Smith,* 237 Pa.Super. 506, 352 A.2d 90 (1975), which interpreted Pa.R.Crim.P. 1117 to mean that a trial *de novo* is not required in an appeal to the Court of Common Pleas from a summary conviction where the defendant is absent. In other words, an appeal from a summary conviction could be dismissed without violating Rule 1117 if a defendant fails to appear for the scheduled trial *de novo.* This interpretation obviates the necessity of requiring the Commonwealth to proceed with its case and establish facts on the record upon which the common pleas judge would render a verdict of guilty or not guilty. Admittedly, the facts in *Smith, supra,* and in the instant case are the same. However, we believe that the interpretation placed upon Rule 1117 in the *Smith* case, as applied to summary offenses, has been effectively overruled by this court's *en banc* decision in *Commonwealth v. Koch, supra.* In *Koch,* it was held that the rules of criminal procedure apply with the same force and effect to the trial *de novo:*

Rule 67 which establishes the procedure for perfecting an "appeal" to the Court of Common Pleas for a trial *de novo* is, in reality, a

Accordingly, Order is reversed and we remand for proceedings consistent with this opinion. This court does not retain jurisdiction.

CAVANAUGH, J., files dissenting opinion.

CAVANAUGH, Judge, dissenting:

I dissent because the result reached by the majority is not warranted by the law and will result in a needless burden to our already overburdened trial courts.

The appellant, Alastair Boyd Kyle, was convicted of a summary offense before a district justice for failing to stop at a stop sign. A fine of fifteen dollars was imposed. Mr. Kyle appealed his conviction to the Court of Common Pleas. A hearing was scheduled in the court below for October 3, 1980 and the appellant appeared in court. He filed a Motion to Dismiss the appeal and a Motion for Continuance.[1] The

> retrial of the case as if the prior summary proceeding had not occurred ...
> Summary violations are by definition, minor offenses, punishable most often, only by a fine. They justifiably should be summarily handled and the purpose and goal of the rules governing such proceedings is prompt adjudication before the issuing authority. *Commonwealth v. Wadzinski,* 239 Pa.Super. 76, 361 A.2d 790 (1976). *However, once an appeal is taken to the Court of Common Pleas, this goal is clearly abrogated, and thereafter, all general provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable.* Id., 288 Pa.Superior Ct. at 294, 431 A.2d at 1054. (Emphasis added—footnotes omitted)
> It is clear then that Rule 1117 cannot be given one interpretation for summary offenses and another for felonies or misdemeanors. It must be given a consistent interpretation. It could not be seriously contended that an absent defendant, charged with a felony or a misdemeanor, could be convicted without the Commonwealth first presenting testimony and establishing its case on the record. Obviously, due process requires a hearing. We believe that under *Koch* this requirement must apply also to the trial *de novo* for a summary offense. Rule 1117 means exactly what it says and no more:
> The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.

1. Appellant's motion to dismiss in the lower court was based on the fact that his time was too valuable to spend in court as he earned $650 per day which would be lost if he had to appear in court in connection with a $15.00 traffic fine. He raises the same issue on

court below continued the case until November 21, 1980 and the appellant, the defendant in the court below, did not appear for the scheduled hearing. The court below thereupon dismissed the appeal and Mr. Kyle appealed to this court.

The majority reverses on the basis that the court below erred in not taking testimony in the court below and further in not entering a judgment of guilty or not guilty following the taking of testimony. The majority relies on *Commonwealth v. Carter,* 230 Pa.Super. 401, 326 A.2d 530 (1974) which held that where an appeal is taken from a summary conviction after a hearing *de novo,* it is error to merely dismiss the appeal rather than entering a judgment of guilty or not guilty. The majority also relies on *Commonwealth v. Gula,* 300 Pa.Super. 445, 446 A.2d 938 (1982).[2] In that case an appeal was taken from a summary conviction for violation of the Vehicle Code. Again, after a hearing *de novo,* the court merely dismissed the appeal. This court held that an order dismissing the appeal is not enough. "Furthermore, an order adjudicating guilt must be entered, even though it is implicit in the lower court's actions and opinion that the court considered the evidence supportive of a finding of guilt." *See Gula,* supra, slip opinion. This court remanded the case and directed the court below to enter a finding of guilty or not guilty.

In both *Carter* and *Gula* the court below heard the appeal *de novo* and proceeded to hear evidence pertaining to the defendant's guilt or innocence and after doing so should have entered a judgment of guilty or not guilty. The instant case was not heard *de novo.* The appellant did not appear in court when his case was called and after the

appeal. This argument is patently without merit as it was the appellant who decided to appeal his conviction to the court of common pleas and it was he who desired "his day in court". He cannot now complain that his day in court requires that he be present in court.

2. *Commonwealth v. Gula, supra,* cites *Commonwealth v. Gamarino,* 299 Pa.Super. 144, 445 A.2d 189 (1980) where the trial court sustained an appeal following a *de novo* trial in the court of common pleas.

continuance was granted at his request did nothing to pursue his right on appeal. Since he did not see fit to appear at trial there is no obligation on the court to proceed to trial in the defendant's absence. The majority opinion overlooks the fact that the appellant stands convicted of a summary offense. In the absence of pursuing his appeal his conviction stands. In both *Carter* and *Gula,* at the end of the trial *de novo* a verdict should have been entered.

The majority would require the totally futile act of having a trial following a summary conviction, in every case where the defendant appeals to the courts of common pleas but does not deign to attend his trial, notwithstanding his demand for a trial implicit in his appeal. This would require a blatant waste of judicial manpower.

The majority cites Pa.R.Crim.P. 1117 which grants the defendant the right to be present at any stage of the proceedings. The rule further states:

a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.* (Emphasis added).

The majority erroneously interprets this rule to read that in an appeal from a summary conviction by the defendant that the court shall proceed with a trial even where the defendant does not appear at the trial. The majority opinion ignores *Commonwealth v. Smith,* 237 Pa.Super. 506, 352 A.2d 90 (1975) which directly controls this case. In *Smith* the defendant was summarily convicted of a violation of the Vehicle Code and appealed to the court of common pleas. She requested that the case be continued and it was. She then failed to appear at the postponed hearing and the appeal was dismissed. On appeal to this court the appellant contended that the Commonwealth should have presented its case notwithstanding the failure of the defendant to appear. This contention was rejected. The court also quoted Pa.R.

Crim.P. 1117, relied on by the majority in our case, and stated at 237 Pa.Super. 509, 352 A.2d 91:

*While this Rule does not preclude proceeding with trial in the Defendant's absence, it does not require it and when as in this case the Defendant absents herself without cause the Court in its discretion is warranted in dismissing the appeal.* (Emphasis added)

The majority states in footnote 3: "The dissent relies on *Commonwealth v. Smith,* 237 Pa.Super. 506, 352 A.2d 90 (1975). . . . Admittedly, the facts in *Smith, supra,* and in the instant case are the same. However, we believe that the interpretation placed upon Rule 1117 in the *Smith* case, as applied to summary offenses, has been effectively overruled by this court's *en banc* decision in *Commonwealth v. Koch, supra.*"

*Commonwealth v. Koch, supra* (opinion by Cercone, P.J., concurring opinion by Price, J., in which Cavanaugh, J. joined) involved a trial *de novo* in the court of common pleas following an appeal from a summary conviction. The main issue in *Koch* dealt with Pa.R.Crim.P. 1123 which provides that written motions for new trial and in arrest of judgment shall be filed within ten days after a finding of guilty, and whether the rule applies to appeals from summary convictions.[3]

I do not believe that this court in *Commonwealth v. Koch,* even though sitting en banc, has "effectively overruled" the decision in *Commonwealth v. Smith,* which it did not discuss and which did not involve the same issues. The *en banc* court in *Commonwealth v. Koch* apparently did not perceive any conflict with *Commonwealth v. Smith* and as far as I am concerned, none exists.

I would affirm the order of the court below.

**3.** In *Commonwealth v. Koch* the Court stated at 288 Pa.Super. 295, 431 A.2d 1055: "The purpose of such motions [new trial and in arrest of judgment] is two-fold: (1) to afford the trial court, in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review... *With respect to this policy,* there is no basis from which to draw a distinction between and among appeals taken to our court from felony, misdemeanor or summary convictions." (Emphasis added)