457 A.2d 114

**COMMONWEALTH of Pennsylvania**

**v.**

**Keith KRUT, Appellant.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Kevin J. KRUT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 1982.

Filed Feb. 25, 1983.

Thomas Orson Vreeland, Washington, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is a consolidated appeal from separate orders of court which dismissed the appeals filed by appellants, Keith and Kevin Krut, from their convictions before a district magistrate. For the reasons herein stated, the matter must be remanded for proceedings not inconsistent with this opinion.

Appellant, Keith Krut, was convicted of disorderly conduct,[1] a summary offense, and sentenced to pay a fine and costs of $126.00. Appellant, Kevin Krut, was convicted of multiple offenses and was ordered to pay fines and costs totalling $310.00.[2] Both of the appellants timely appealed

**1.** 18 Pa.C.S.A. § 5503.

**2.** The offenses were driving an unregistered vehicle (75 Pa.C.S.A. § 1301), fleeing or attempting to elude a police officer (75 Pa.C.S.A.

their convictions to the Court of Common Pleas of Allegheny County. The trial court dismissed the appeals for the reason that the appellants had failed to appear in court on the scheduled trial date. The instant consolidated appeal then followed.[3]

According to appellants, defense counsel requested a continuance on January 5, 1981, the day before the hearing was scheduled. At that time, the trial court advised counsel of its policy to deny continuances in statutory appeals. Appellants also contend that an explanation was given to the trial court for their absence; that is, each appellant "was out of the country pursuant to some unavoidable business." Brief for Appellants at 4. We need not reach the merits of appellants' argument because notwithstanding the reason for appellants' absence, the trial court should have determined the facts of the case and rendered a verdict.

The instant appeal is controlled by a recent decision of this Court, *Commonwealth v. Kyle*, 307 Pa.Super. 446, 453 A.2d 668 (1982). In *Kyle*, this Court remanded the matter for a trial *de novo* because the trial court improperly dismissed Kyle's appeal from a summary conviction when the appellant had failed to appear at the scheduled trial date. Our Court said the following:

"The action of the lower court [in] dismissing the appeal was improper. "This court has repeatedly held that in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas court should be either 'guilty' or 'not guilty.' " *Commonwealth v. Gula*, 300 Pa.Super. 445, [446], 446 A.2d 938 [939] (1982), citing

§ 3733(a)), operating a motorcycle without an inspection sticker (75 Pa.C.S.A. § 4703(a)), operating a motorcycle without wearing protective headgear or an eye-protective device (75 Pa.C.S.A. § 3525(a) and (b)), and driving on the left side of the roadway (75 Pa.C.S.A. § 3301(a)).

**3.** The record shows that appellant, Kevin Krut, filed his direct appeal in the Commonwealth Court which then transferred the appeal to this Court since that appeal involved the same issues of fact and law as the appeal launched by appellant, Keith Krut. *See* Pa.R.A.P. 752(a).

*Commonwealth v. Carter,* 230 Pa.Super. 401, 326 A.2d 530 (1974); *see also Commonwealth v. Gamarino,* 299 Pa.Super. 144, 445 A.2d 189 (1982).

Normally, this defect alone would compel a remand for the entry of a proper verdict followed by appropriate post-trial motions in accordance with Pa.R.Crim.P. 1123. *Commonwealth v. Gula, supra; Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d [1052] 1053 (1981). However, in the present case there is an additional ER-ROR. The trial judge compounded the problem by "dismissing" the *de novo* appeal without taking any testimony concerning the facts of the case.

The pertinent section of Pa.R.Crim.P. 1117 reads as follows:

a) The defendant shall be present at the arraignment, at every stage of the trial including the impanelling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. *The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict.* (Emphasis added).

In the instant case, not only was there an improper verdict, but there was no determination of the facts of the offense. The trial court, even if empowered to proceed without a defendant, must *determine the facts* and *render a verdict.* Since this was not done, we are constrained to remand for a new trial. 307 Pa.Superior 446, 453 A.2d 668. (Footnotes omitted) (Emphasis in Original).

Accordingly, because appellants have perfected their appeals to the Court of Common Pleas of Allegheny County, the cases have to be retried "as if the prior summary proceeding[s] had *not* occurred," that is, *de novo. Id.* at ftn. 3. (emphasis added); *see also, Commonwealth v. Moore,* 226 Pa.Super. 58, 312 A.2d 422, 426 (1973) (trial *de novo* means "that the defendant's case will in fact be tried in Common Pleas 'anew the same as if it had not been heard before and as if no decision had been previously rendered.'

2 Am.Jur.2d Admin.Law § 698 (1962)") (Spaeth, J., Dissenting and Concurring Opinion).

Accordingly, the orders of the court are reversed, and we remand for proceedings not inconsistent with this opinion. This Court does not retain jurisdiction.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

The majority today holds that in an appeal from a summary conviction before a magistrate, the court of common pleas is required to "determine the facts of the case and render [ed] a verdict" even where the defendant fails to appear. Because I find no rational support for this conclusion in the law, and since the result cannot but have an adverse effect upon the administration of our criminal justice system, I must dissent.

The hearings on the statutory appeals were, on November 13, 1980, scheduled for trial *de novo* in the court of common pleas on January 6, 1981 before the then statutory appeals judge, the Honorable Nicholas P. Papadakos. However, on the date set for the hearings, both defendants failed to appear. Pursuant to appellants' failure to appear for their appeals without having obtained a continuance, both appeals were dismissed on the scheduled trial date.

Relying on *Commonwealth v. Kyle*, 307 Pa.Super. 446, 453 A.2d 668 (1982), the majority here reverses the orders dismissing the appeals and remands, presumably, to require the common pleas court to proceed with a trial. In *Kyle*, the majority relied on *Commonwealth v. Gula*, 300 Pa.Super. 445, 446 A.2d 938 (1982); *Commonwealth v. Carter*, 230 Pa.Super. 401, 326 A.2d 530 (1974); and *Commonwealth v. Gamarino*, 299 Pa.Super. 144, 445 A.2d 189 (1982) in declaring that "in an appeal from a summary judgment to the court of common pleas, the judgment of common pleas court should be either 'guilty' or 'not guilty'." *Kyle*, *supra*, 307 Pa.Super. 446, 453 A.2d 668. In all three of these cases, however, it is clear that this court was con-

sidering the proper disposition of a statutory appeal *following a hearing on the merits.* Neither *Gula,* nor *Carter,* nor *Gamarino* provide any support for the proposition, advanced by the majority here, that a judgment must be either "guilty" or "not guilty" where no trial *de novo* has been held.

In the *Kyle* case, the majority seemingly interpreted Pa.R.Crim.P. 1117 as *requiring* the *de novo* court to determine the facts and render a verdict. After citing the following sentence from the rule, with emphasis:

The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict[,]

the *Kyle* majority went on to conclude:

In the instant case, not only was there an improper verdict, but there was no determination of the facts of the offense. The trial court, even if empowered to proceed without a defendant, must *determine the facts* and *render a verdict.*

*Kyle, supra,* 307 Pa.Super. 446, 453 A.2d 668 (footnotes omitted, emphasis in original).

With this proposition of law, I am unable to agree. The *Kyle* majority concedes, in a footnote, that our earlier decision in *Commonwealth v. Smith,* 237 Pa.Super. 506, 352 A.2d 90 (1975), presented identical facts to those confronting the *Kyle* court but goes on to assert that our holding in *Smith,* to the effect that Rule 1117 does *not* require the Commonwealth to proceed with trial in the defendant's absence, was overruled by this court's decision in *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981). Since the *Koch* court was primarily concerned with the proper interpretation of Pa.R.Crim.P. 1123 providing for written motions for new trial and in arrest of judgment, and the application of Rule 1123 to appeals from summary convictions, and since the facts in *Koch* involved a full hearing on the merits in the common pleas court, I am unable to accept the conclusion of my colleagues in the

recent *Kyle* decision that *Commonwealth v. Smith, supra,* has been "effectively overruled."

On the contrary, I believe that the analysis of my brother, Judge CAVANAUGH, in his dissenting opinion filed in *Kyle* is irrefutable, and that the decision of the majority in that case should, and must, be re-examined. Admittedly, the facts presented on this appeal are indistinguishable from those which confronted the *Kyle* court. But the same must be said for the facts which arose in *Commonwealth v. Smith, supra.* I'm convinced that we were wrong in departing from the clear guideposts erected in *Smith,* and that that departure resulted from misreading signs intended to assist the judicial traveler along a road ending at a different, unrelated destination.

Traveling down the well-beaten path of appeals from summary conviction where *no* hearing has been held, the end of the journey seems clear to me. To quote Judge CAVANAUGH:

> The instant case was not heard *de novo.* The appellant did not appear in court when his case was called and ... did nothing to pursue his right on appeal. Since he did not see fit to appear at trial there is no obligation on the court to proceed to trial in the defendant's absence. The majority opinion overlooks the fact that the appellant stands convicted of a summary offense. In the absence of pursuing his appeal his conviction stands....
>
> The majority would require the totally futile act of having a trial following a summary conviction, in every case where the defendant appeals to the courts of common pleas but does not deign to attend his trial, notwithstanding his demand for a trial implicit in his appeal. This would require a blatant waste of judicial manpower.

*Commonwealth v. Kyle, supra,* Dissenting Opinion, Cavanaugh, J., 307 Pa.Super. 446, 453 A.2d 668.

Because I believe that the courts of common pleas are fully justified in dismissing statutory appeals in a proper case, *Commonwealth v. Smith, supra,* 237 Pa.Super. at 509, 352 A.2d at 91, I would address the sole issue raised by

the appellants on these appeals: Did the trial court abuse its discretion by not granting a continuance.

On the day before the hearing, defense counsel went to the judge's chambers for an unrecorded meeting. Defense counsel requested the court to grant a continuance on the grounds that the defendant was out of the country,[1] but the request was denied. On the scheduled hearing date, after the cases were called, the court dismissed the defendants' appeals for the reason that they had failed to appear.

In their briefs, appellants allege that at the conference in the judge's chambers the court declared that it had a policy to deny continuances brought under statutory appeals and further that counsel's efforts in explaining the reasons for the continuance would be fruitless (Appellants' Briefs at 4).

These allegations are only to be found in the appellants' briefs. They are absent from the record. The appellant has the responsibility to assume that his claims of error are secured on the record. *See Commonwealth v. Kollock*, 246 Pa.Super. 16, 22–3, 369 A.2d 787, 790–91 (1977). Appellate courts are to decide cases based only on what the record contains, and may not consider assertions raised by briefs of counsel. *Dile v. Dile*, 284 Pa.Super. 459, 465 n. 5, 426 A.2d 137, 141 n. 5 (1981) (per curiam); *Marine Bank v. Huhta*, 279 Pa.Super. 130, 139 n. 5, 420 A.2d 1066, 1070 n. 5 (1980).

The record demonstrates that the appeals were dismissed following the defendants' failure to appear on the scheduled date. There was no error in denying the continuance. The trial court has the discretion to grant or refuse a continuance, and its decision will not be reversed except in clear cases of abuse. *Blackledge v. Commonwealth, Pennsylvania State Police*, 62 Pa.Commw. 188, 191–92, 435 A.2d 309,

---

1. We note that both briefs for the individual appellants contain a verbatim Statement of the Case, each contending that "the defendant was out of the country." Since the certified record contains no testimony on this point, we do not reach the question of whether either, or both, of the appellants were out of the country.

311 (1981); *Krull v. Krull*, 236 Pa.Super. 207, 210, 344 A.2d 619, 620 (1975).

Although not raised by appellants, I believe that the more appropriate question for review, on the records before us, is whether the trial court palpably abused its discretion by dismissing the appeals after the appellants did not appear or answer when the cases were called on the scheduled hearing date. My review of the record satisfies me that the trial court did not abuse its discretion.

Since I find no abuse of the trial court's discretion, and since I am unable to agree with my colleagues that these appeals should be returned to the trial court for mandatory hearings without regard to the efforts of appellants in pursuit of their appeals, and since I believe that the order under review should be affirmed, I hereby register my dissent.