486 A.2d 525

**COMMONWEALTH of Pennsylvania**

v.

**Michael VIANELLO, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Decided Dec. 19, 1984.

Michael Vianello, appellant, in propria persona.

James F. Marsh, District Attorney, Stroudsburg, for Commonwealth, appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

DEL SOLE, Judge:

Appellant was convicted before a district justice of the following summary offenses: driving an unregistered vehicle, failing to exhibit and sign a vehicle registration card and harassment. Appellant then filed a timely appeal *de novo* of the convictions to the Monroe County Common Pleas Court. Appellant's trial *de novo* was scheduled for July 27, 1983 at 9:30 a.m. By order of August 22, 1983, the trial court dismissed Appellant's appeal *de novo* for Appellant's failure to appear when the case was called for trial. It is that order which is the subject of the instant appeal.

Appellant admits that he did not appear for trial until between 9:45 a.m. and 9:50 a.m. on the scheduled date. However, Appellant argues on appeal that the trial court should not have dismissed his appeal but rather proceeded with the trial in his absence and rendered a verdict on the evidence presented by the Commonwealth. We agree with Appellant. Accordingly, the trial court's order dismissing Appellant's appeal *de novo* is reversed and the case is remanded for a new trial.

In its opinion accompanying the order dismissing Appellant's appeal *de novo* the trial court cites solely in support *Commonwealth v. Smith,* 237 Pa.Super. 506, 352 A.2d 90 (1975) for the proposition that a trial in an appeal *de novo* of a summary conviction need not be held if the defendant fails to appear at the scheduled hearing without cause for such absence. However, a review of the law in this Commonwealth shows the trial court's reliance on *Smith* to be misplaced and clearly error.

The case controlling our disposition is *Commonwealth v. Kyle,* 307 Pa.Super. 446, 453 A.2d 668 (1982). In *Kyle,* as in the case *sub judice,* the defendant's appeal *de novo* from a summary traffic conviction was dismissed for Appellant's failure to appear at trial. This Court noted in *Kyle* that we have repeatedly held that in an appeal of a summary offense to the court of common pleas, the judgment of the common pleas court should be a verdict of "guilty" or "not guilty". 307 Pa.Super. at 448, 453 A.2d at 669. *See also Commonwealth v. Gula,* 300 Pa.Super. 445, 446 A.2d 938 (1982) citing *Commonwealth v. Carter,* 230 Pa.Super. 401, 326 A.2d 530 (1974). The *Kyle* Court held that pursuant to Rule 1117 of the Pennsylvania Rules of Criminal Procedure the trial court, even if empowered to proceed without a defendant, must determine the facts and render a verdict, it cannot merely dismiss the appeal. 307 Pa.Super. at 449, 453 A.2d at 669. Further, this Court found that *Commonwealth v. Smith, supra,* was not controlling since it had been effectively overruled by this Court's holding in *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052

(1981). 307 Pa.Super. at 449, 453 A.2d at 669, footnote 3. Finally, our holding in *Kyle* has since been applied by this Court in at least one other case. *See Commonwealth v. Krut,* 311 Pa.Super. 64, 457 A.2d 114 (1983).

In the instant case, Appellant's appeal *de novo* was dismissed for his failure to appear at trial. Based on *Kyle* the trial court, upon discovering that Appellant was not present when the case was called for trial, should have required the Commonwealth to proceed with its case and then rendered a verdict of guilty or not guilty based on the evidence presented. Thus, the trial court's decision to dismiss the appeal was error as was the trial court's reliance on *Commonwealth v. Smith, supra.* Accordingly, we reverse the trial court's order and remand for a new trial.

Order reversed.

Case remanded for a new trial.

Jurisdiction is relinquished.