663 A.2d 202

**COMMONWEALTH of Pennsylvania,**

v.

**Richard TONER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 25, 1995.

Filed July 27, 1995.

---

Michael Machen, Asst. Deputy Defender, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before Del Sole, Kelly, and Brosky, JJ.

KELLY, Judge:

In this opinion, we are asked to determine whether the court of common pleas may dismiss an appellant's appeal for a trial *de novo* following the entry of judgment of sentence by a district justice on a summary conviction. We hold that the trial court cannot merely dismiss the appeal, but must determine facts and enter a verdict upon the record. Additionally, we hold that one's guilty plea to a summary offense before a district justice does not preclude the right to a trial *de novo* in the court of common pleas. Accordingly, we reverse the trial court's order dismissing appellant's appeal and remand for proceedings consistent with this opinion.

The relevant facts and procedural history of this appeal are as follows. On February 2, 1994, the appellant, Richard Toner, was arrested for public drunkenness. The appellant was brought before District Justice Boyle on March 1, 1994. At the hearing, the appellant pled guilty to the offense and was sentenced to ninety (90) days incarceration, no fine or costs.

The appellant filed a notice of appeal from his summary conviction with the Allegheny County Court of Common Pleas [1] on April 5, 1994. The appeal was heard on June 27, 1994 by Common Pleas Judge Doyle. The following exchange took place at the hearing: [2]

THE COURT: Why are we here? He pled guilty.

1. When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within thirty (30) days after the conviction or other final order from which the appeal is taken and by appearing in the court of common pleas for the trial *de novo*. Pa.R.Crim.P. 86(a).

2. We note that the trial court's written opinion, filed November 21, 1994, appears to contradict what was said at the June 27, 1994 hearing. The written opinion indicates that the court found the appellant guilty. However, the transcript reveals that the court never made a determination of the appellant's culpability; rather, the court "dismissed" the appeal because the appellant pled guilty to the offense before District Justice Boyle on March 1, 1994.

THE OFFICER: He is appealing a ninety-day jail sentence. He pled guilty at district court and then we had the sentencing, then he filed for the appeal in the ninety days. Not the guilty verdict, the ninety days.

THE COURT: The only debate is over the sentence?

THE OFFICER: Yes.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You pled guilty to the offense.

THE DEFENDANT: The magistrate told me to appeal it and bring it down here.

THE COURT: Well, you are here. And, clearly, if you want to read it, there it is, of public record, you pled guilty and you were sentenced.

MR. ROSEN: He was sentenced to ninety days.

THE DEFENDANT: That's why she told me to appeal it. She said bring it down here, appeal it.

THE COURT: Well—

THE OFFICER: She said you had a right to an appeal.

THE COURT: That's all you have, because she sentenced you to ninety days. I didn't.

THE DEFENDANT: That day I brought it down here—

THE COURT: Show it to him.

THE CLERK: In the yellow highlighted area.

THE COURT: See the highlighted language.

MS. ROSEN: You pled guilty; you got ninety days in jail.

What would you like to do about this?

(Discussion held at sidebar off the record between Judge Doyle and Ms. Rosen.)

MS. ROSEN: Have you been in jail on this at all?

THE DEFENDANT: No, ma'am.

THE COURT: Do you have anything else?

THE DEFENDANT: No, sir.

THE COURT: The appeal is dismissed. Now you have thirty days to take an appeal to Superior Court.

(N.T. 6/27/94 at 2–4).

Accordingly, the Common Pleas Court "dismissed" the appeal, refusing a *de novo* review of the matter. This timely appeal followed.[3]

On appeal, the appellant raises the following issues for our review:

I. DID THE LOWER COURT ERR IN DISMISSING THE APPEAL FROM A DISTRICT MAGISTRATE'S JUDGMENT IN SUMMARY CONVICTION PROCEEDINGS?

II. DID THE LOWER COURT ERR IN FAILING TO CONDUCT A *DE NOVO* REVIEW OF THE APPEAL FROM A DISTRICT MAGISTRATE'S SUMMARY JUDGMENT ENTERED UPON A GUILTY PLEA?

Appellant's Brief at 3.

We agree with the appellant's first contention that the Common Pleas Court's "dismissal" of the appellant's appeal from his summary conviction was improper.

The appropriate method of challenging the propriety of a summary conviction, whether after hearing or by plea, is by a timely appeal to the Court of Common Pleas pursuant to Pa.R.Crim.P. 86.[4] Such an appeal must be taken within thirty days of sentencing and when perfected, the appeal is heard *de novo* by the Court of Common Pleas. Rule 86(g) provides that such an appeal is the exclusive means of challenging a summary conviction.

*Commonwealth v. Smirga,* 432 Pa.Super. 286, 291, 638 A.2d 229, 231–32 (1994) (quoting *Commonwealth v. Bassion,* 390 Pa.Super. 564, 567, 568 A.2d 1316, 1318 (1990)). "This court has repeatedly held that in an appeal from a summary judg-

---

3. The Commonwealth did not file a responsive brief; through correspondence dated February 1, 1995, the Commonwealth opined that the appellant's position was correct.

4. *See* Pa.R.Crim.P. 86(a), (f).

ment to the court of common pleas, the judgment of common pleas court should be either 'guilty' or 'not guilty'." *Commonwealth v. Ragoli,* 362 Pa.Super. 390, 402, 524 A.2d 933, 939 (1987); *Commonwealth v. Vianello,* 337 Pa.Super. 148, 150, 486 A.2d 525, 526 (1984); *Commonwealth v. Morgenthaler,* 320 Pa.Super. 120, 122, 466 A.2d 1091, 1092 (1983); *Commonwealth v. Kyle,* 307 Pa.Super. 446, 448, 453 A.2d 668, 669 (1982); *Commonwealth v. Gula,* 300 Pa.Super. 445, 446, 446 A.2d 938, 939 (1982); *Commonwealth v. Carter,* 230 Pa.Super. 401, 403, 326 A.2d 530, 530–31 (1974); *Commonwealth v. Miller,* 173 Pa.Super. 168, 170, 96 A.2d 153, 154 (1953). "A judgment affirming the justice of the peace, dismissing the appeal, or sustaining the appeal is not sufficient and will be reversed." *Commonwealth v. Ragoli, supra,* at 390, 524 A.2d 933; *Commonwealth v. Morgenthaler, supra,* at 120, 466 A.2d 1091; *Commonwealth v. Gula, supra,* at 445, 446 A.2d 938; *Commonwealth v. Carter, supra,* at 401, 326 A.2d 530; *Commonwealth v. Miller, supra,* at 168, 96 A.2d 153. "The trial court ... must determine the facts and render a verdict; it cannot merely dismiss the appeal." *Commonwealth v. Vianello, supra* at 150, 486 A.2d at 526 (quoting *Commonwealth v. Kyle,* 307 Pa.Super. 446, 449, 453 A.2d 668, 669 (1982)). "Normally, this defect alone would compel a remand for the entry of a proper verdict." *Commonwealth v. Kyle, supra* at 448, 453 A.2d at 669.

▪ Instantly, the trial court erred in dismissing the appeal without making findings of fact. The record reveals that the trial court never considered any facts at the June 27, 1994 hearing. Furthermore, the trial court's conclusion that it "refused to disturb" the district justice's verdict "absent ... any viable defense" is unsubstantiated. (Trial Court Opinion 11/21/94 at 1). The appellant could not forward "any viable defense" because the court did not examine the facts at the June 27, 1994 hearing. Accordingly, because the trial court "must *determine facts* and render a verdict," the court erred in failing to make factual determinations. *See Commonwealth v. Vianello, supra* at 148, 486 A.2d 525.

▪ Additionally, the record reveals that the trial court improperly "dismissed" the appeal without finding the appellant "guilty" or "not guilty." (N.T. 6/27/94 at 3). We note

that the trial court's written opinion indicates that the court "found the appellant guilty as charged." (Trial Court Opinion, 11/21/94 at 1). However, after thoroughly reviewing the transcript from the June 27, 1994 hearing, we find that no such determination was made. Indeed, at the hearing, the only time the court used the term "guilty" was in connection with the appellant's previous guilty plea. Therefore, we conclude that the trial court erred in "dismissing" the appeal without adjudicating the appellant's culpability. *See Commonwealth v. Ragoli, supra,* at 390, 524 A.2d 933.

Moreover, we agree with appellant's second contention that the trial court erred in refusing to conduct a *de novo* review of the appeal, effectively denying the appellant's right to appeal his guilty plea conviction to a summary offense. One who pleads guilty to a summary offense has the right to take an appeal pursuant to Pa.R.Crim.P. 86. *See Commonwealth v. Bassion, supra* at 567 n. 3, 568 A.2d at 1318 n. 3.

At the hearing on June 27, 1994, the trial court failed to conduct a *de novo* review of the appeal because the appellant previously pled guilty to the summary offense. At the commencement of the hearing, the trial judge inquired: "[W]hy are we here? He pled guilty." (N.T. 6/27/94 at 2). In addition, the following exchange took place:

THE COURT: You pled guilty to the offense.

THE DEFENDANT: The magistrate told me to appeal it and bring it down here.

THE COURT: Well, you are here. And, clearly, if you want to read it, there it is, public record, you pled guilty and you were sentenced.

(N.T. 6/27/94 at 2).

Additionally, in its November 24, 1991 opinion, the trial court stated that "absent a proper withdrawal of the guilty plea ... we refused to disturb the verdict and sentence of the District Justice," the court considered the appellant's withdrawal of his guilty plea a prerequisite to *de novo* review. In light of this Court's decision in *Commonwealth v. Bassion, supra,* at 564, 568 A.2d 1316, we conclude that the trial court

improperly held that the appellant's guilty plea precluded his right to *de novo* review.

Based upon the foregoing, the trial court's order of June 27, 1994, dismissing appellant Toner's appeal from his summary conviction, is reversed and the case remanded with a directive to the trial court to conduct a trial *de novo,* make determinations of fact, and enter a verdict upon the record.

Judgment of sentence reversed; case remanded. Jurisdiction relinquished.

DEL SOLE, J., filed a concurring statement.

DEL SOLE, Judge, concurring.

I join the Opinion authored by my colleague, Judge Kelly. I wish to further support his analysis. The filing of an appeal following a summary conviction and sentence by a district justice requires a trial *de novo,* even when the conviction is the result of a plea.

In *Commonwealth, Department of Transportation v. Tarnopolski,* 533 Pa. 549, 626 A.2d 138 (1993), the Supreme Court reaffirmed this procedure. The reference in ftn. 4 of that Opinion to the requirements of *Commonwealth v. Khorey,* 521 Pa. 1, 555 A.2d 100 (1989) applying to a post-sentence withdrawal of a guilty plea only occur where the withdrawal is sought before the district justice who accepted the plea. It does not require that, on appeal to the Court of Common Pleas, the *Khorey* standards be met. The filing of the appeal from the district justice court to the trial court requires a trial on the merits, irrespective of how the conviction was obtained.