J-S34021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTINA M. RAMER | |
| Appellant | No. 2114 MDA 2015 |

Appeal from the Judgment of Sentence Entered August 27, 2015
In the Court of Common Pleas of the 17th Judicial District
Snyder County Branch
Criminal Division at No: CP-55-SA-0000021-2015

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 22, 2016**

Appellant Christina M. Ramer *pro se* appeals from the August 27, 2015 judgment of sentence entered in the Court of Common Pleas of the 17th Judicial District, Snyder County Branch ("trial court"), following her summary conviction for disorderly conduct under Section 5503(a)(1) of the Crimes Code, 18 Pa.C.S.A. § 5503(a)(1).  Upon review, we affirm.

The facts and procedural history underlying this appeal are undisputed.  Briefly, Appellant was charged with the foregoing offense after it was alleged that she loudly stated to two individuals at China House Restaurant that "[i]f I see you out on the street I will fuck you up.  I know where you live."  Appellant pleaded guilty before a magistrate and was sentenced to pay a $125.00 fine.  Appellant timely filed a summary appeal for a trial *de novo*.  **See Commonwealth. v. Toner**, 663 A.2d 202, 205 (Pa.

Super. 1995) (noting that a defendant may file an appeal for a trial *de novo* after pleading guilty to a summary offense); **see also** Pa.R.Crim.P. 462(a). On August 27, 2015, the trial court held a trial *de novo*, at the conclusion of which it found Appellant guilty of disorderly conduct and sentenced her to pay a fine of $125.00. Appellant *pro se* timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.[1]

As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005). Here, Appellant has failed to comply in any meaningful way with the Rules of Appellate Procedure, especially as they relate to briefing. In addition to Appellant's many briefing deficiencies, we must point out that her brief does

---

[1] The trial court noted in its Rule 1925(a) opinion that Appellant "has taken no steps to order a transcript" of the hearing and as a consequence, the trial court was "proceeding on the basis of [its] memory of the proceedings and [its] hearing notes. Trial Court Opinion, 11/24/15, at 1 n.1. Thus, to the extent Appellant here raises any issues that would require us to review the trial transcript, such issues are waived. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."), *appeal denied*, 916 A.2d 632 (Pa. 2007); **see also Commonwealth v. O'Black**, 897 A.2d 1234, 1240 (Pa. Super. 2006) (noting that we cannot review claims raised on appeal meaningfully unless we are provided with a full and complete certified record).

not contain a statement of jurisdiction (Pa.R.A.P. 2114), order or other determinations in question (Pa.R.A.P. 2115), statement of questions involved (Pa.R.A.P. 2116), statement of the case (Pa.R.A.P. 2117), summary of the argument (Pa.R.A.P. 2118), or argument (Pa.R.A.P. 2118). To the extent we are able to discern an argument in her brief, Appellant appears to argue only that the trial court erred in failing to appoint counsel to represent her on the *de novo* appeal and, as a result, her due process rights under the 6th and 14th Amendments to the United States Constitution were violated. The argument, however, is not developed and is devoid of any legal authority. Accordingly, it is waived. Indeed, it is settled that where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014); ***see*** Pa.R.A.P. 2119(a) (providing that each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent").

Even if Appellant's claim were not waived, she still would not be entitled to relief. Here, as the trial court aptly noted, Appellant was not entitled to appointment of counsel on her trial *de novo* for the summary offense of disorderly conduct because she was not at risk for imprisonment. ***See*** Pa.R.Crim.P. 122(a)(1) ("Counsel shall be appointed . . . in all summary cases, for all defendants who are without financial resources or who are

- 3 -

otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016