## Commonwealth v. Imler

*Merrill W. Kerlin,* special assistant district attorney, for the Commonwealth.

*Randy A. Rabenold,* for defendant.

KELLER, *P.J.,* February 27, 1986—On December 3, 1980, two men were observed fleeing from the site of two recently killed doe. It was not at that time doe season. Defendant was apprehended shortly thereafter and identified as one of the two fleeing individuals. The Commonwealth alleges Mr. Imler promised to testify against his accomplice, Eugene Hart, and the game protector agreed to charge him under 34 Pa. C.S. §701 with the summary offense of taking one deer out of season, and accepted a field settlement for the one deer as agreed upon. At the trial of Mr. Hart on charges of killing and unlawful possession of a doe out of season, defendant declined to testify. A demurrer to the evidence was sustained on January 22, 1982, in Mr. Hart's case.

On March 10, 1982, William Park Imler was charged by Trooper Larry R. Good with making false reports to law enforcement authorities. On April 5, 1982, defendant was bound over to court on the false report charge docketed to no. 17 of 1982. He waived arraignment on April 20, 1982, and was scheduled for trial on June 14, 1982. On defen-

dant's motion, trial was continued to October 18, 1982. On October 18, 1982, defendant was admitted to the Accelerated Rehabilitative Disposition Program on the condition that he be on probation for a period of one year and pay the sum of $600 to the use of the County of Fulton and the cost of the proceeding. On July 3, 1984, an order was entered by this court dismissing the charges to no. 17 of 1982.

In February 1982, citations were issued against defendant charging him with violation of §§701 and 1207 of The Pennsylvania Game Law, 34 P.S. §701 and 1207, as a result of the incident on December 3, 1980. A hearing was held on April 5, 1982, before Justice of the Peace Carol Johnson and defendant was found guilty on both charges and fined $400 plus costs of $32. An appeal was timely taken and docketed to no. 19 of 1982 and defendant was represented by James M. Schall, Esq.

In November 1983, Mr. Schall was elected District Attorney of Fulton County. Defendant's trial before this court was scheduled for June 28, 1984, and Mr. Schall notified defendant in early May that he could not represent him in the summary appeal because of the conflict of interest.

One week prior to trial, defendant retained Randy A. Rabenold, Esq., as his counsel. On June 28, 1984, the matter was called for trial and Attorney Rabenold presented various oral pretrial motions. After conferring with the Specially Appointed Assistant District Attorney Merrill W. Kerlin and counsel for defendant, the court directed counsel for defendant to file written pretrial motions on or about July 15, 1984, and the hearing would then be set to dispose of those motions prior to the trial of the case. On July 16, 1984, defendant filed his omnibus pretrial motion, including therein:

1. The summary conviction presently on appeal should be dismissed because it violates the double-jeopardy provisions of the United States and Pennsylvania Constitutions and the compulsory joinder provision of the Pennsylvania Crimes Code, 18 Pa.C.S. §110.

2. The hearing on his summary appeal was held in excess of two years following his conviction on April 5, 1982, and more than three and one-half years from the date of the alleged crime. This excessive delay violated his right to due process and a speedy trial.

3. Certain oral and written statements made by defendant should be suppressed.

4. A special prosecutor in the case was improperly appointed and should, therefore, be dismissed from any further representation of the Commonwealth in this matter.

5. By agreement of counsel, motion no. 4 was submitted to the court on briefs of counsel. On October 9, 1984, an opinion and order of court was filed dismissing Count VI of defendant's omnibus pretrial motion, and counsel for the Commonwealth and defendant were directed to confer with the court administrator and set a day certain for hearing, if necessary, and arguments on the remaining counts of defendant's pretrial motion.

The summary appeal scheduled for June 27, 1985, for reasons unknown to the court, was rescheduled for September 26, 1985, at which time the undersigned judge was not available by reason of a previously scheduled trip outside the Continental United States. Hearing on the remaining three omnibus pretrial motions was scheduled for November 14, 1985, and held as scheduled. At the conclusion of the hearing the court requested the special assistant district attorney and defense counsel

to exchange and submit to the court not later than December 13, 1985, memoranda of law in support of the position of the Commonwealth and defendant. Defense counsel's full and complete memorandum of law was mailed on December 13, 1985, to the court with a copy to the special assistant district attorney, and the same was received in chambers on December 16, 1985. To the date of the writing of this opinion no memorandum of law has been received from the Commonwealth suggesting that no authority was found in support of its position and contrary to that of the defense.

William A. Sheaffer, court administrator for the 39th Judicial District, was called by the Commonwealth and testified:

(a) Two judges constitute the judicial complement of the district.

(b) President Judge George C. Eppinger was totally disabled due to open-heart surgery from February 1983 until September 1983, and an inventory of case filings built up at that time which required a "stretching out of hearings."

(c) From April 1982 until June 1984, the caseload in the judicial district has steadily increased imposing additional pressure on the judges of the district.

(d) The Fulton County Branch of the Judicial District has special problems due to travel requirements and time limitations on certain proceedings, and there have been problems in getting matters on the trial list.

(e) From April 5, 1982, until June 28, 1984, is an extremely long period of time to delay the scheduling of a summary appeal, and he could not say such a hearing could not have been scheduled.

(f) Summary appeals in both branches of the Judicial District are scheduled on an as-needed basis.

The district attorney is responsible for notifying the court administrator's office when there are enough cases to warrant a full hearing day. A day certain is then given to the district attorney and he is responsible for listing the cases for hearings.

(g) Appeal days were held in the Fulton County Branch between April 5, 1982, and June 28, 1984.

(h) Until December 31, 1984, the district attorney of Fulton County was Merrill W. Kerlin.

At the request of counsel for defendant the court took judicial notice of the fact that James M. Schall was elected District Attorney of Fulton County in November 1983. At that time he was the attorney of record. Mr. Schall notified defendant of the existence of a conflict of interest prohibiting him from continuing his representation in May 1984.

Defendant contends that he has been denied his constitutional right to a speedy trial and/or his right to a fair trial by reason of excessive delay on the part of the Commonwealth in prosecuting this summary appeal. We understand defendant to concede that Pa.R.Crim.P. 1100 is not applicable in summary appeals, but asserts his constitutional right to a speedy trial may not be diminished simply because the offense charged was identified as a minor one. In Commonwealth v. Koch, 288 Pa. Super. 290, 431 A.2d 1052, the Superior Court observed:

"Summary violations are by definition, minor offenses, punishable most often, only by fine. They justifiably should be summarily handled and the purpose and goal of the rules governing such proceedings is prompt adjudication before the issuing authority. Commonwealth v. Wadzinski, 239 Pa. Super. 76, 361 A.2d 790 (1976). However, once an appeal is taken to the court of common pleas, this goal is clearly abrogated, and thereafter, all general

provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable." Koch, supra at 294.

In Commonwealth v. Zaimes, 6 D.&C.3d 612 (1978), the Court of Common Pleas of Dauphin County concluded that a delay of 196 days from the filing of defendant's appeal until the trial de novo was not an impermissible length of delay.

In the case at bar, we had the opportunity to observe defendant and hear his testimony. It was obvious to us that much of what had transpired since December 3, 1980, in this case and the companion cases was not comprehended by defendant. In addition, it was evident to us that he no longer recalled some of the events of the evening of December 3, 1980, when he was in the company of various representatives of the Pennsylvania Game Commission.

Considering only the delay from the date of the appeal from the summary convictions to the date the matter was first called for trial before this court on June 28, 1984, we are satisfied that a delay in scheduling the trial de novo when the scheduling power was essentially in the hands of the Commonwealth, constituted a depravation of defendant's constitutional right to a speedy trial. Therefore, the charges will be dismissed.

Under these circumstances it is unnecessary for the court to consider the other issues raised by defendant.

## ORDER OF COURT

Now, this February 27, 1986, the motion of defendant William Park Imler to dismiss the charges in the above-captioned matter is granted.

Exception is granted the Commonwealth.