**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James C. LENNON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed March 20, 2013.

Elliott M. Cohen, Philadelphia, for appellant.

John J. Whelan, District Attorney, Media, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN and LAZARUS, JJ.

OPINION BY GANTMAN, J.:

Appellant, James C. Lennon, appeals from the order entered in the Delaware County Court of Common Pleas, which quashed Appellant's appeal from a guilty plea entered in magisterial district court to disorderly conduct.[1] For the following reasons, we reverse and remand.

The relevant facts and procedural history of this case are as follows. Appellant was involved in an altercation with police that led to various criminal charges, including multiple counts of aggravated assault, simple assault, terroristic threats, harassment, recklessly endangering another person ("REAP"), and disorderly conduct. On October 12, 2011, the case proceeded to a non-jury trial in the Court of Common Pleas on three counts of terroristic threats, one count of simple assault, two counts of harassment, and one count of disorderly conduct.[2] Midway through the Commonwealth's case-in-chief, Appellant and the Commonwealth came to a negotiated plea agreement. The trial court's opinion provides the following summary:

Counsel's agreement called for [Appellant] to enter guilty pleas to the summary offenses of Disorderly Conduct and Harassment with the Commonwealth to then *nolle prosequi* the criminal informations filed in this matter (No. 218–11). Seeking to posture this negotiated resolution in a manner that [Appellant] could enjoy the subsequent expungement of his criminal arrest record at bar (No. 218–11), his attorney requested and the Commonwealth agreed that the negotiated summary charges would be lodged as nontraffic citations with the Magisterial District Court in *lieu* of [Appellant] then proceeding with the summary guilty pleas before this [c]ourt. To effectuate such, the non-jury trial was then continued on the agreement of counsel with the understanding that at the next listing before this [c]ourt the Commonwealth would move to *nolle prosequi* its criminal prosecution, assuming [Appellant] had in the interim entered his summary guilty pleas before the Magisterial District Court. N.T. 10/12/11, p. 63; N.T. 11/21/11, pp. 3–6. *See also* Commonwealth's Motion to Vacate *Nolle Prosequi*, Paragraph 4, and Defense Counsel's Petition for Leave to Withdraw Appearance, Paragraphs 4–6. [Appellant] agreed to the terms of the Commonwealth's offer and the matter was relisted for November 21, 2011, to allow the time necessary to effectuate the terms of the negotiated agreement (*I.e.*, Police drafting and lodging of the non-traffic citations and [Appellant's] subsequent pleas of guilty before the Magisterial District Court.) N.T. 10/12/11, p. 63. *See also* Commonwealth's Motion to Vacate *Nolle Prosequi*, Paragraph 4, and

---

1. 18 Pa.C.S.A. § 5503.

2. Before its evidentiary presentation, the Commonwealth withdrew the REAP charges and two counts of simple assault.

Defense Counsel's Petition for Leave to Withdraw Appearance, Paragraph 5.

Non–Traffic summons were issued against [Appellant] on or about October 13, 2011, and per Citation No. MJ–32237–NT–0001919–2011 [Appellant] was charged with Disorderly Conduct, and under Citation No. MJ–32237–NT–0001920–2011 an allegation of Harassment was lodged against him. *See* Magisterial District Court Non–Traffic Docket Nos. MJ–32237–NT–0001919–2011 and MJ–32237–NT–0001920–2011—Magisterial District Court 32–2–37. *See also* Commonwealth's Motion to Vacate *Nolle Prosequi,* Paragraph 6, and Defense Counsel's Petition for Leave to Withdraw Appearance, Paragraph 6.

At the next trial listing before this [c]ourt on November 21, 2011, matter No. 218–11 was continued by the attorneys' agreement to December 7, 2011, based upon [Appellant's] summary plea date of December 6, 2011, in the Magisterial District Court. In subsequent negotiations among the lawyers, the Commonwealth agreed to modify the summary plea agreement more favorable to [Appellant,] allowing him to plead guilty to the sole summary offense, Disorderly Conduct, with a recommended sentence of time served and a one-hundred ($100.00) dollar fine, still in exchange for the District Attorney's Office, *nolle prosequing* all criminal informations docketed and then still outstanding at No. 218–11. N.T. 11/21/11, pp. 3–6. *See* Commonwealth's Motion to Vacate *Nolle Prosequi,* Paragraph 5. Pursuant to the final agreement of counsel, on December 6, 2011, [Appellant] entered a negotiated guilty plea before the Magisterial District Court to the summary offense of Disorderly Conduct, under non-traffic Docket No. MJ–32237–NT–0001919–2011 and was sentenced in accord with the lawyers' understanding to time served and a one hundred ($100,-00) dollar fine. Also, per the attorneys' subsequent negotiations, the summary offense of Harassment, Docket No. MJ–32237–NT–0001920–2011, was withdrawn at that time (December 6, 2011) by the Commonwealth. *See* Magisterial District Court Non–Traffic Docket No. M.T.–32237–NT–0001920–2011.

Relying on counsel's negotiated agreement and [Appellant's] effectuation of the same given his previous entered Disorderly Conduct plea of guilty, the Commonwealth on December 7, 2011, fulfilled its final commitment of the parties' bargain and moved this [c]ourt to *nolle prosequi* the pending criminal informations under docket No. 218–11. By Order of that same date (December 7, 2011), the [c]ourt granted the Commonwealth's *nolle prosequi* request dismissing all charges outstanding against [Appellant] regarding No. 218–11. N.T. 12/7/11, pp. 3–4. *See Nolle Pros* Application and Order dated December 7, 2011. *See also* Commonwealth's Motion to Vacate *Nolle Prosequi,* Paragraph 7, and Defense Counsel's Petition for Leave to Withdraw Appearance, Paragraph 7.

Unbeknownst to the Commonwealth and [Appellant's] trial attorney, ... [Appellant] through current counsel filed with the Court of Common Pleas on or about December 27, 2011, a counseled summary appeal[25] from his Disorderly Conduct guilty plea before the Magisterial District Court. *See Commonwealth v. Lennon,* summary appeal No. 1375–11.

---

25. This summary appeal (No. 1375–11) was filed by [current counsel] on [Appellant's] behalf and as a result of this filing [Appellant's] then of-record counsel, ... lodged on or about January 9, 2012, a Petition for Leave to Withdraw Appearance citing

"irreconcilable differences having arisen between Petitioner and [Appellant] as a result of the filing of the summary appeal. . . ." [*See*] Defense Counsel's Petition for Leave to Withdraw Appearance, Paragraph 9. At the hearing on February 15, 2012, the [c]ourt granted the Petition for Leave to Withdraw Appearance and resultantly, [plea counsel] was permitted in matter No. 218–11 to withdraw as [Appellant's] attorney. On that same date (February 15, 2012), [current counsel] assumed stewardship of all [Appellant's] interests, including docket No. 218–11.

On finally learning [Appellant] was attempting to unilaterally abrogate the summary plea agreement by which criminal prosecution No. 218–11 was discontinued, the Commonwealth on or about January 5, 2012, lodged a Motion to Vacate *Nolle Prosequi* salient to matter No. 218–11 and a resulting hearing was set for February 15, 2012, before this [c]ourt. Just prior to this hearing's (February 15, 2012) commencement, defense counsel lodged of record, in open court, a Motion to Terminate Prosecution and Response to the Commonwealth's Motion to Vacate *Nolle Prosequi*. Without objection, this defense motion was incorporated into the already listed proceeding.

Although by its terms the Commonwealth's Motion to Vacate requested that this [c]ourt set aside its Order of December 7, 2011, granting the District Attorney's *Nolle Prosequi* Application also of that same date (December 7, 2011), as a form of alternative relief, the Assistant District Attorney orally advanced at the motion hearing that this past *Nolle Prosequi* Order (December 7, 2011) could be left in place; however, the [c]ourt should as well dismiss [Appellant's] pending summary appeal and thus, enforce the criminal prosecution's negotiated and already implemented summary guilty plea resolution. [Appellant] by his Motion and Response not only opposed the Commonwealth's re-quested vacating of the *Nolle Prosequi* Order (December 7, 2011) regarding matter No. 218–11, but as well advanced he should be permitted to continue pursuit of his related summary appeal (No. 1375–11). In short, [Appellant] sought to have this [c]ourt selectively enforce the lawyers' negotiations to assure he enjoyed every benefit of the bargain, while without just or even relevant cause averred otherwise freeing him after the fact from the entirety of his corresponding obligations per this very same plea agreement. N.T. 2/15/12, pp. 3–9.

By Order of February 15, 2012, in No. 218–11, the [c]ourt denied the Commonwealth's Motion to Vacate and [Appellant's] Motion to Terminate Prosecution. *Via* separate Order entered in the related summary appeal (No. 1375–11) also of that same date (February 15, 2012), the [c]ourt dismissed [Appellant's] summary appeal. In sum, by such Order dismissing [Appellant's] summary appeal and the Order denying both the Commonwealth's Motion to Vacate and [Appellant's] Motion to Terminate Prosecution, the [c]ourt enforced [Appellant's] negotiated summary guilty plea resolution wholly in accord with the terms and/or conditions of counsel's agreement. [Appellant] on March 13, 2012, timely lodged a combined Notice of Appeal to the Superior Court of Pennsylvania from the [c]ourt's Order of February 15, 2012, denying the Commonwealth's Motion to Vacate and [Appellant's] Motion to Terminate Prosecution in No. 218–11 as well as the [c]ourt's Order of the same date (February 15, 2012) dismissing his summary appeal at No. 1375–11. By Orders of March 15, 2012,26 the [c]ourt directed [Appellant's] attorney to file of record a Concise Statement of [Errors] Complained of on Appeal. Pa.R.A.P. 1925(b). Responding to this Order

(March 15, 2012), [Appellant's] counsel timely lodged a Statement. . . .

(Trial Court Opinion, dated June 21, 2012, at 3–7) (some internal citations/footnotes omitted).

Appellant raises the following issues for our review:

DID THE [TRIAL] COURT ERR IN QUASHING [APPELLANT'S] SUMMARY APPEAL OF HIS CONVICTION FOR DISORDERLY CONDUCT AFTER HIS GUILTY PLEA TO THAT CHARGE BEFORE THE MAGISTERIAL DISTRICT JUSTICE?

ALTERNATIVELY, WAS [APPELLANT] ENTITLED TO A TRIAL *DE NOVO* ON THE PREVIOUSLY MENTIONED CHARGE WHERE A TIMELY APPEAL WAS FILED PURSUANT TO THE PENNSYLVANIA RULES OF CRIMINAL PROCEDURE AND THE LOCAL RULES OF CRIMINAL PROCEDURE FOR DELAWARE COUNTY, AND DID THE TRIAL COURT ERR BY QUASHING THAT APPEAL IN VIOLATION OF THE PREVIOUSLY MENTIONED AUTHORITY FOR THE REASONS THAT IT STATED IN ITS FEBRUARY 15, 2012 ORDERS?

(Appellant's Brief at 4).

Appellant argues longstanding Pennsylvania criminal practice, statutory authority, and the Rules of Criminal Procedure afford him the right to appeal for a trial *de novo* in the Court of Common Pleas following entry of a guilty plea to a summary offense in magisterial district court. Appellant insists there is no precedent to support the court's decision to quash Appellant's appeal, on the grounds of fundamental fairness and the necessity to uphold plea bargains. Appellant maintains the principle behind upholding a plea bargain is not one that renders general criminal rules inapplicable, particularly with regard to an appeal for a *de novo* trial from a summary conviction. Appellant continues:

Notwithstanding the procedural history of this case wherein [Appellant] objected to the Commonwealth's motion to vacate the *nolle pros,* [Appellant] now asserts through this appeal that should the matter be remanded for a summary trial . . . the Commonwealth may and perhaps will reinstate the underlying charges that were *nolle prossed.* And there is no prejudice to conducting a trial on those previously *nolle prossed* charges to the Commonwealth, and certainly no cognizable claim of prejudice could be maintained by the Commonwealth. None of the research of the undersigned counsel has revealed any case law in which the Court of Common Pleas quashed a summary appeal on contractual grounds, as the trial [c]ourt did in this case. This unprecedented ruling by the [trial] court should not be sanctioned, especially were [Appellant] is **ready, willing, and able to defend the charges previously *nolle prossed* by the Commonwealth.** The trial court further conflates the standard for [withdrawal] of a guilty plea with seeking a trial *de novo* on a summary appeal. [ ] The requirements of showing prejudice amounting to a manifest injustice as set forth in [the case law] is inapplicable to the instant case. Perhaps that standard would be applicable had the [trial] court accepted the pleas to the summary disorderly conduct therein. But for some inexplicable reason and in abrogation of trial procedure, the [trial] court remanded the matter to the District Justice for entry of the guilty plea to disorderly conduct (and at the time-harassment). When the [c]ourt did that [Appellant] then became entitled to seek a *de novo* trial on the summary conviction, albeit

with the consequence that the Commonwealth would seek to vacate its plea agreement in this case. Additionally, if the guilty plea was entered in the Court of Common Pleas then [Appellant] would have retained his limited appellate rights attendant to the entry of guilty pleas, but here, all of [Appellant's] appellate rights have been extinguished under a contract-based theory proffered by the trial court.

(*Id.* at 8–9) (emphasis added to highlight Appellant's concessions). Appellant concludes the court applied the incorrect legal standard; the order erroneously quashing his summary appeal should be vacated; and the case should be remanded for further proceedings. For the following reasons, we agree.

This case appears to involve a certain tension between the right to an appeal under a specific rule of criminal procedure and the body of law regarding plea agreements generally. "The interpretation of the Rules of Criminal Procedure presents a question of law and . . . our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Dowling,* 598 Pa. 611, 616, 959 A.2d 910, 913 (2008).

Pennsylvania law makes clear, "One who pleads guilty to a summary offense has the right to take an appeal." *Commonwealth v. Toner,* 444 Pa.Super. 30, 663 A.2d 202, 205 (1995); *Commonwealth v. Bassion,* 390 Pa.Super. 564, 568 A.2d 1316, 1318 n. 3 (1990) (recognizing right of appeal for "one who pleads guilty to a summary offense"). The Pennsylvania Rules of Criminal Procedure codify this right as follows:

### Rule 462. Trial *De Novo*

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case **shall** be heard *de novo* by the judge of the Court of Common Pleas sitting without a jury.

Pa.R.Crim.P. 462(A) (emphasis added). *See also* Pa.R.Crim.P. 462, *comment* (explaining: "This rule was amended in 2000 to make it clear in a summary criminal case that the defendant may file an appeal for a trial *de novo* following the entry of a guilty plea."); Pa.R.Crim.P. 403(B)(6) (requiring citation to include information stating defendant may appeal any conviction or guilty plea within 30 days for trial *de novo* ).

■ On the other hand, "the guilty plea and the frequently concomitant plea bargain are valuable implements in our criminal justice system. The disposition of criminal charges by agreement between the prosecutor and the accused, . . . is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule." *Commonwealth v. Parsons,* 969 A.2d 1259, 1267 (Pa.Super.2009) (*en banc* ), *appeal denied,* 603 Pa. 685, 982 A.2d 1228 (2009). "A 'mutuality of advantage' to defendants and prosecutors flows from the ratification of the bargain. When a defendant withdraws or successfully challenges his plea, the bargain is abrogated and the defendant must be prepared to accept all of the consequences which the plea originally sought to avoid." *Id.* at 1267–68. *See Commonwealth v. Ward,* 493 Pa. 115, 124, 425 A.2d 401, 406 (1981), *cert. denied,* 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981) (stating: "[W]hen a defendant abrogates a plea agreement, he resumes his preagreement status, and the government may proceed on the original charges"). *See also Commonwealth v. Sanford,* 497 Pa. 442, 444, 441 A.2d 1220, 1221 (1982) (reasoning defendant's "voluntary act of seeking and

receiving a new trial constitutes a waiver of any double jeopardy claim"); *Commonwealth v. Tabb*, 491 Pa. 372, 421 A.2d 183 (1980) (reiterating that federal and state constitutional prohibitions against double jeopardy do not bar retrial where plea is set aside upon defendant's procurement); *Commonwealth v. Rose*, 820 A.2d 164, 168 (Pa.Super.2003) (noting Commonwealth is permitted to reinstate charges previously withdrawn as result of guilty plea entered in district court if defendant files summary appeal for trial *de novo* in Court of Common Pleas).

Instantly, the Commonwealth charged Appellant with a number of crimes, including terroristic threats, simple assault, harassment, and disorderly conduct. After the Commonwealth had begun its case-in-chief at a bench trial in the Court of Common Pleas, the parties reached negotiated plea agreement. In exchange for Appellant's plea to the summary offense of disorderly conduct and harassment as summary offenses in magisterial district court, the Commonwealth would petition the court for a writ of *nolle prosequi* on the remaining charges. Both parties proceeded to fulfill their respective obligations under the agreement. Nevertheless, Appellant retained new counsel and two weeks later exercised his rule-based right to file an appeal for a trial *de novo* in the Court of Common Pleas.

Faced with this dilemma, the trial court reasoned:

> By [his] related assignments of error, [Appellant] absent any manner of reasoned specificity first claims the [c]ourt's quashing of his summary appeal resulting from his negotiated guilty plea Disorderly Conduct conviction was improper and then seemingly suggests in total disregard of the salient case records that simply because the summary appeal was timely lodged he should be permit-

ted to proceed to such a trial *de novo* before the Court of Common Pleas. Patently ignoring the unquestioned and substantial prejudice to the Commonwealth, [Appellant] as he advanced before this [c]ourt now seeks the appellate court's sanction of allowing him to wholly abrogate his counseled plea bargain by the recantation of his summary conviction and proceeding to a trial *de novo* while maintaining that the District Attorney's Office without recourse of any kind remains bound by the very same agreement including, *inter alia*, its obviously contingent discontinuation of [Appellant's] criminal prosecution under docket No. 218–11. Devoid of fundamental fairness, [Appellant's] assertions lack even a modicum of legal and/or factual support warranting the setting aside of this [c]ourt's dismissing his summary appeal.

\* \* \*

In the original case No. 218–11, the Commonwealth and [Appellant] bargained for a specific outcome, [Appellant's] pleas of guilty to two (2) summary offenses before the Magisterial District Court in exchange for the District Attorney's Office discontinuing that criminal prosecution (No. 218–11). The only subsequent modification to this agreement of counsel was prompted at [Appellant's] behest and resulted in the Commonwealth's acquiescence that it would be satisfied with a more defense favorable plea of guilty to a single summary offense, Disorderly Conduct, with a recommended sentence of a time served and a one hundred ($100.00) dollar fine still in exchange for the District Attorney's Office *nolle prosequing* of matter No. 218–11. N.T. 10/12/11, pp. 62–63. Per the negotiations of the attorneys, after [Appellant's] summary guilty plea before the Magisterial District

Court, the Commonwealth timely fulfilled its final commitment pursuant to the agreement and made such an Application which this [c]ourt accepted by Order dated December 7, 2011, directing the *nolle prosequi* of all outstanding charges regarding case No. 218–11. *See Nolle Prosequi* Application and related Order dated December 7, 2011. Subsequent to his receiving the obvious benefit of counsel's negotiations on the District Attorney's discontinuation of case No. 218–11 and the withdrawal of the second non-traffic citation (No. MJ–32237–NT 0001920–2011), [Appellant] surreptitiously attempted to materially and unilaterally "strip the Commonwealth of [its] 'benefit of the bargain'" lodging his summary appeal docketed at No. 1375–11 seeking to wholly avoid the summary conviction he previously agreed to on the advice and consent of counsel and already effectuated before the Magisterial District Court as part of the same plea agreement. . . .

Notably, [Appellant] has never challenged the jurisdiction of this or the Magisterial District Court and/or the lawfulness of his summary sentence. Similarly significant, on the record at bar, [Appellant] has not advanced any claim that his acceptance of the attorneys' negotiations and/or summary plea of guilty was anything other than knowing, intelligent and voluntary. N.T. 2/15/12, pp. 3–6. *See* Motion to Terminate Prosecution and Response to Commonwealth's Motion to Vacate *Nolle Prosequi.* Moreover, the appreciable passage of time from the adjournment of trial in matter No. 218–11 on October 12, 2011, through the summary guilty plea on December 7, 2011, certainly evidences [Appellant] had more than an ample opportunity to fully consider and discuss the attorneys' agreement with his lawyer before finally appearing before the Magisterial District Court and tendering his plea of guilty. Relatedly, the instant record completely lacks any evidence suggesting let alone demonstrating mistake, misrepresentation and/or some other manner of illegality material to counsel's negotiations, [Appellant's] understanding of the lawyers' agreement, and/or the resulting summary guilty plea. . . .

The untenable nature of [Appellant's] challenge to the dismissal of his summary appeal is readily highlighted by the defense Motion to Terminate Prosecution and Response to Commonwealth's Motion to Vacate *Nolle Prosequi.* In this Motion, Appellant contended that the resumption of the criminal prosecution docket at No. 218–11 was barred under the Double Jeopardy Clause of the Fifth Amendment of the Federal Constitution and analogous provisions of the Pennsylvania Constitution and requested a trial *de novo* on the summary offense to which he plead guilty. *See* [Appellant's] Motion to Terminate Prosecution, Paragraph 3. Assuming the correctness of his double jeopardy argument, [Appellant] maintained he should be permitted to abrogate his plea bargain *via* the recantation of his summary guilty plea, and the Commonwealth must be precluded from reinstating the *nolle prosequied* charges because jeopardy attached with the non-jury trial's commencement regarding No. 218–11. . . . By his own legal citations, Appellant is keenly aware that the Commonwealth's hands are now arguably tied after unquestionably honoring its obligations per the guilty plea agreement. Accordingly, [Appellant's] attempt at abandoning his plea agreement must be seen at best as a thinly veiled effort with respect to his summary guilty plea to unilaterally secure a more favorable out-

come than he bargained and otherwise fully effectuated as well as a demand that the Commonwealth remain bound by the plea agreement's original parameters.

\*    \*    \*

By his summary appeal of the negotiated guilty plea to the offense of Disorderly Conduct, [Appellant] clearly abrogated his counseled plea bargain and such a violation certainly constitutes manifest injustice to the Commonwealth, assuming per such argument of [Appellant] that the District Attorney's Office as a matter of law is precluded from reinstituting the *nolle prosequied* charges.

To accept as viable [Appellant's] suggested argument that simply because he timely lodged his summary appeal (No. 1375–11), this [c]ourt erred in its dismissal is an unjustifiable isolation of this one consideration to the blatant exclusion of all other salient case record circumstances. [Appellant's] counseled filing of a timely summary appeal is uncontroverted. *See* Pa.R.Crim.P. 460. This [c]ourt also is certainly aware that a guilty plea before the Magisterial District Court does not preclude the subsequent lodging of a summary appeal and resultant trial *de novo* before the Court of Common Pleas. *See generally* [*Toner, supra*]. The dismissal of [Appellant's] summary appeal was not grounded in concerns related to its timeliness and/or that it followed a plea of guilty before the Magisterial District Court. *See* summary appeal No. 1375–11, Order dated February 15, 2012, footnotes 2–4. Rather as described above, in combination with its other Order of February 15, 2012, denying in No. 218–11 both the Commonwealth's Motion to Vacate *Nolle Prosequi* as well as the defense's Motion to Terminate Prosecution, recognizing the importance to the criminal justice system of criminal charges being disposed through the negotiated agreements of counsel and the "mutuality of advantage" to defendants and prosecutors flowing from the ratification of such bargains, this [c]ourt only compelled the Commonwealth and [Appellant] to honor their respective agreed and fairly bargained upon commitments. . . .

Although this [c]ourt cannot discern whether [Appellant] belatedly suffered from "buyer's remorse" or with a more malicious intent after enjoying the *nolle prosequi* of case No. 218–11 sought by the lodging of his summary appeal (No. 1375–11) to purposefully deprive the Commonwealth of its obvious benefit of counsel's bargain (*i.e.*, [Appellant's] summary conviction), it is abundantly clear that for whatever the reasons [Appellant] repudiated the already implemented, plea agreement. By its related Orders dated February 15, 2012, denying both the Commonwealth's Motion to Vacate *Nolle Prosequi* and [Appellant's] Motion to Terminate Prosecution (No. 218–11) as well as dismissing [Appellant's] summary appeal (No. 1375–11), this [c]ourt accomplished nothing more or less than the enforcement of the parties' bargain and a realization of fundamental fairness. To have done otherwise "would [have made] a sham of the negotiated plea process and would [have given] [Appellant] a second bite." . . .

(Trial Court Opinion at 8–15) (some internal citations omitted). In sum, the court resolved the conundrum by quashing Appellant's *de novo* appeal and denying the Commonwealth's motion to reinstate the *nolle prossed* charges. Given the arguments presented to the court, its decision to enforce the plea agreement is certainly understandable under the circumstances of

this case. Nevertheless, the court's decision misses two salient points of law, which we cannot overlook.

First, Pennsylvania law makes clear a court errs as a general rule if it refuses to conduct a *de novo* review of a summary appeal because that decision effectively denies a rule-based right to appeal a guilty plea conviction on a summary offense. *See Toner, supra;* Pa.R.Crim.P. 462. *Compare Commonwealth v. Lowe,* 698 A.2d 607 (Pa.Super.1997), *appeal denied,* 550 Pa. 690, 704 A.2d 1381 (1997) (holding trial court properly dismissed summary appeal and reinstated sentence imposed following summary conviction, where defendant failed to appear for his trial *de novo;* failure to appear without cause or reason exposes defendant to peril of dismissal of his appeal).

 Second, double jeopardy does not preclude the Commonwealth from reinstating charges previously withdrawn as result of a guilty plea entered in district court now that Appellant has filed a summary appeal for a trial *de novo* in the Court of Common Pleas. *See Rose, supra.* In fact, Appellant conceded that, notwithstanding the procedural history of this case, including his objection to the Commonwealth's motion to vacate the *nolle prosequi,* Appellant is ready, willing, and able to defend the charges previously *nolle prossed* by the Commonwealth. (*See* Appellant's Brief at 9). As a practical matter, Appellant now waived any double jeopardy claims he might think he has in this case. If the Commonwealth wants to protect against the misuse of Rule 462 to game the system, then in the future the Commonwealth might want to consider requiring an express waiver of Rule 462 in these kinds of cases, because the defendant can waive statutory and rule-based rights as part of a plea deal. *See, e.g., Commonwealth v. Byrne,* 833 A.2d 729 (Pa.Su-

per.2003) (holding defendant can and did voluntarily waive his statutory right to credit for time served in context of plea agreement).

 A more reasonable resolution of the tension presented, therefore, is for the trial court to honor Rule 462 and allow Appellant's appeal, provided it is properly perfected, but deem that Appellant has waived all possible double jeopardy concerns regarding reinstatement of the previously *nolle prossed* charges by seeking the appeal. Accordingly, we reverse and remand for further proceedings. On remand, Appellant can weigh his options either to forego his right to a summary appeal and affirm the pact he struck with the Commonwealth or to face the full panoply of charges which the Commonwealth requests to reinstate against him because he is the one who halted the original trial to enter the plea bargain, then sought the *de novo* appeal, and thereby set aside the plea bargain.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.