**COMMONWEALTH of Pennsylvania, Appellee**

v.

**James Arthur BALL, III, Appellant.**

Superior Court of Pennsylvania.

Submitted May 27, 2014.

Filed July 24, 2014.

Reargument Denied Sept. 3, 2014.

---

Joseph D. Caraciolo, Harrisburg, for appellant.

David J. Freed, District Attorney, Carlisle, for Commonwealth, appellee.

BEFORE: LAZARUS, STABILE and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:

James Arthur Ball, III ("Ball") appeals from the judgment of sentence entered following his conviction of driving under suspension (driving under the influence related). *See* 75 Pa.C.S.A. § 1543(b)(1). We reverse the judgment of sentence and direct that Ball be discharged.

The trial court set forth the relevant procedural history underlying this appeal as follows:

On January 14, 2013, Officer Justin Shutt issued a traffic citation charging [Ball] with Driving Under Suspension, Driving Under the Influence Related, 75 Pa.C.S.[A.] § 1543(b)(1). During a June 26, 2013 summary trial, [Ball pled not guilty to this offense.] Magisterial District Judge Brenda M. Knepper ["MDJ Knepper"] found [Ball] not guilty of the original charge[,] but found him guilty of Driving Under Suspension, 75 Pa. C.S.[A.] § 1543(a), a lesser[-included offense] for which [Ball] had not been

formally cited.[1] [MDJ Knepper sentenced Ball to 30 days in jail for his conviction of 75 Pa.C.S.A. § 1543(a), and imposed a $1,000 fine.] In July 2013, [Ball] timely filed a Notice of Appeal from Summary Criminal Conviction[, pursuant to Pa.R.Crim.P. 462.[2]] After briefing and argument[, the trial c]ourt determined that *de novo* review required the court to consider the charges as originally filed. After the *de novo* hearing, [the trial c]ourt found [Ball] guilty of the original [ ] charge, 75 Pa.C.S.[A.] § 1543(b)(1).

Trial Court Opinion, 1/21/14, at 1–2 (footnotes in original omitted, footnotes added).

On October 22, 2013, the trial court sentenced Ball to 60 days in jail, and imposed a $1,000 fine. Ball timely filed a Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

Ball presents the following issues for our review:

I. Whether the Double Jeopardy Clause[s] of the United States and Pennsylvania Constitutions prevent the Commonwealth from retrying [Ball] after an acquittal by the Magisterial District Judge?

II. Whether [Ball's] appeal of a verdict of guilt from a Magisterial District Judge includes offenses for which [Ball] was found not guilty?

III. Whether a Magisterial District Judge may find [Ball] guilty of an offense for which [he] has not been charged?

Brief for Appellant at 4.

In his first issue, Ball argues that his conviction of 75 Pa.C.S.A. § 1543(b)(1) cannot stand because MDJ Knepper had acquitted him of this charge, and therefore, his conviction of this offense at the trial court level violates the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. *Id.* at 8. We agree.

Because Ball's issue presents solely a question of law, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Dawson*, 87 A.3d 825, 826–27 (Pa.Super.2014).

In its Opinion, the trial court concluded that Ball had waived any double jeopardy challenge because he had appealed from MDJ Knepper's adjudication of guilt to obtain a trial *de novo*. *See* Trial Court Opinion, 1/21/14, at 3–5 (wherein the trial court relied largely upon *Commonwealth v. Lennon*, 64 A.3d 1092, 1097–1101 (Pa.Super.2013) (where the defendant had entered a negotiated guilty plea to a summary offense before the Magisterial District Court, in exchange for the Commonwealth's removal of several more serious criminal charges, and the defendant later abrogated the guilty plea agreement and filed a summary appeal for a trial *de novo*, holding that such appeal waived any double jeopardy challenge to the reinstated charges that were previously *nolle prossed* )).

---

1. We observe that the trial court's docket reflects that, at the Magisterial District Court level, MDJ Knepper found Ball guilty of 75 Pa.C.S.A. § 1543(a), and, regarding the 75 Pa.C.S.A. § 1543(b)(1) charge, the docket states, "Guilty of a Lesser Charge." Accordingly, MDJ Knepper's ruling resulted in an implied acquittal of 75 Pa.C.S.A. § 1543(b)(1). Additionally, MDJ Knepper *sua sponte* modified the charges, and there was no plea agreement between the Commonwealth and Ball.

2. Rule 462 provides, in relevant part, that "[w]hen a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, . . . the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." Pa.R.Crim.P. 462(a).

■ The applicable law regarding double jeopardy is as follows:

> The Fifth Amendment to the United States Constitution and Article I, § 10 of the Pennsylvania Constitution provide that no person shall, for the same offense, "be twice put in jeopardy of life or limb." Pa. Const. art. I, § 10; U.S. Const. amend. V. The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.
>
> The Double Jeopardy Clause protects against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction and multiple punishments for the same offense. However, the constitutional prohibition against double jeopardy does not apply unless jeopardy attaches. In Pennsylvania, jeopardy attaches when a defendant stands before a tribunal where guilt or innocence will be determined.

*Commonwealth v. Young,* 35 A.3d 54, 58–59 (Pa.Super.2011) (citations to case law, quotation marks, and brackets omitted). Moreover, the protection against double jeopardy applies in summary cases. *See Commonwealth v. Walczak,* 440 Pa.Super. 339, 655 A.2d 592, 596 (1995) (stating that, in a criminal proceeding before a magisterial district judge, "jeopardy attaches ... when the court begins to hear evidence. Thus, where a defendant has been found not guilty at trial, he may not be retried on the same offense." (citations omitted)).

■ In the instant case, MDJ Knepper acquitted Ball of the offense with which he was charged, 75 Pa.C.S.A. § 1543(b)(1), at a hearing where testimony and evidence was presented. Once MDJ Knepper began to hear evidence, jeopardy attached at that point. *See Walczak,* 655 A.2d at 596.

Accordingly, it was impermissible to retry Ball, and the trial court's adjudication of guilt at the *de novo* bench trial was a legal nullity. *See id.* at 596–97 (where the defendant was acquitted of the charged traffic offenses by a Magisterial District Court judge, holding that double jeopardy attached and the defendant's convictions of the offenses at the trial *de novo* were a legal nullity).

We observe that our holding is not altered by the fact that Ball voluntarily sought, and obtained, a trial *de novo.* MDJ Knepper's acquittal of Ball of 75 Pa.C.S.A. § 1543(b)(1) was a final adjudication of the matter, and this was the sole charge before MDJ Knepper. *See Walczak,* 655 A.2d at 596 (stating that "a factfinder's verdict of not guilty is accorded absolute finality. It is completely insulated from appellate review." (citation and brackets omitted)). Additionally, the trial court's reliance in its Opinion upon *Lennon, supra,* is inapposite, because the defendant in that case filed a summary appeal from his *guilty plea* to an offense before the Magisterial District Court (after abrogating the negotiated guilty plea agreement), thereby waiving his double jeopardy challenge. *Lennon,* 64 A.3d at 1101. Here, Ball pled not guilty to 75 Pa.C.S.A. § 1543(b)(1), and was acquitted of this offense.

Finally, it is of no moment to our holding that MDJ Knepper had found Ball guilty of a lesser-included offense, 75 Pa. C.S.A. § 1543(a), because Ball was not charged with this offense.

Based upon the foregoing, we reverse Ball's judgment of sentence, and will not address his remaining issues on appeal.

Judgment of sentence reversed. Appellant is discharged.